# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10665
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-30-2

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Christopher Hernandez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. The district court sentenced him to a prison term of 168 months, the top of the Guidelines range. Hernandez argues that he should have received a mitigating role reduction under U.S.S.G. § 3B1.2 and that his sentence is substantively unreasonable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10665

Because Hernandez did not seek the mitigating role adjustment in the district court, our review is limited to plain error. *See United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008). Hernandez does not show that it was obvious error to sentence him as an average participant in the drug conspiracy. Although the cooperating witness identified Hernandez only as the bodyguard of the witness's cocaine supplier, Hernandez helped set up the delivery of 24 kilograms of cocaine, Hernandez's home was used to store large amounts of cocaine, and Hernandez's identification was in the bedroom where law enforcement found 8 kilograms of cocaine, multiple firearms, and over $30,000 in cash. Hernandez fails to show that the court plainly erred in failing to award a reduction under § 3B1.2.

Hernandez also challenges his sentence on the ground that it is substantively unreasonable. We see no abuse of discretion in the within-Guidelines sentence, which is presumed reasonable on appellate review. *See Rita v. United States*, 551 U.S. 338, 347–56 (2007). The district court heard Hernandez's arguments for a downward variance, including his argument that he was not a leader of the conspiracy and that he had accepted responsibility for his role in the offense. The district court also heard Hernandez's apology, adopted the findings and conclusions of the presentence report, expressed concern over the number of firearms discovered at the residence, and cited its consideration of the 18 U.S.C. § 3553(a) sentencing factors. Hernandez has not shown that the district court, when imposing sentence, failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His disagreement with the sentence does not warrant reversal. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.